UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOISES SANCHEZ ALTUNAGA,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-07725-DAD-SCR (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S REQUEST FOR LEAVE TO FILE REPLY BRIEF AS MOOT

(Doc. Nos. 2, 4, 11, 13)

On September 21, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), motion for appointment of counsel (Doc. No. 3), and a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 4). On September 23, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

/////

On September 25, 2026, respondent filed an opposition. (Doc. No. 8.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's September 23, 2026 order because petitioner is subject to a mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (*Id.* at 2–4.) On October 26, 2026, petitioner filed successive motions for a temporary restraining order (Doc. No. 11) and to appoint counsel (Doc. No. 12). On November 13, 2026, petitioner filed a request for leave to file a reply and proposed limited reply to respondent's opposition. (Doc. No. 13.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a noncitizen of the United States, a native and citizen of Cuba, who last entered the United States on or about August 2020 at an unknown location without inspection or parole. (Doc. Nos. 8-1 at 1–2; 1 at 3, 10.) At that time, petitioner was first encountered by immigration agents who initiated removal proceedings against him and released him on his own recognizance. (Doc. No. 8-1 at 2.) Following his arrest on criminal charges in 2022, petitioner was detained and taken into immigration custody. (*Id.*) Thereafter, petitioner was granted release on bond in the amount of $5,000 from an immigration judge and released. (Doc. No. 8 at 2.) On June 28, 2026, petitioner was arrested by local police in the State of Florida and charged with a misdemeanor, petit larceny/theft offense in violation of Florida Statute § 812.014 (2026), a charge that remains pending. (Doc. No. 8-2 at 1–8, 19.) Following that arrest, petitioner was again encountered by immigration agents at the Saint Lucie County Jail. (Doc. No. 8-1 at 2.) Thereafter, on the same date, immigration officials subsequently issued an official Warrant for Arrest (Form I-200) and re-detained petitioner. (Doc. No. 8-1 at 4.) The evidence submitted by respondent fails to show that petitioner received prior notice of his detention or notice of custody determination (Form I-286) at the time he was re-arrested and detained.

The undersigned has previously explained that the Immigration & Nationality Act mandates a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. *Quichimbo-Jimenez v. Warden,* No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026). Further, this

court has recognized that the different detention authority statutes carry crucial differences between permissive detention and mandatory detention. *Id.*

The Ninth Circuit has also concluded "permissive and mandatory descriptions are in harmony, as they apply to different situations." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1081 (9th Cir. 2015). Relevant here is the mandatory detention statute found at 8 U.S.C. § 1226(c)(1)(E). On January 29, 2025, the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025) ("LRA"), was passed. Under the LRA, detention becomes mandatory for a noncitizen who, in pertinent part, "is charged with, [or] is arrested for … acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting[.]" 8 U.S.C. § 1226(c)(1)(E) (emphasis added).

This court has recognized that the LRA does not apply retroactively. *Lopez Lopez v. Warden,* No. 1:26-cv-04556-DAD-CKD (HC), 2026 WL 1346694, at *2 (E.D. Cal. May 14, 2026). Here, however, petitioner's arrest occurred on June 28, 2026, and thus the LRA does appear to apply. Additionally, respondent has offered evidence that criminal charges were filed against petitioner in state court. (Doc. No. 8-2 at 8, 19.) Thus, this is not a situation where the petitioner was only arrested but never charged in state court. *See e.g.*, *Zhou v. Warden, Cal. City Immigr. Processing Ctr.,* No. 1:26-cv-06527 -DAD-CSK (HC), 2026 WL 2445606, at *2 (E.D. Cal. Aug. 20, 2026) (applying the LRA only to instances in which individuals were subsequently criminally charged after their arrest); *Singh v. Chestnut,* No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).

In light of petitioner's recent arrest and the corresponding filing of criminal charges against him, the court finds that petitioner is subject to mandatory detention under § 1226(c)(1)(E). While the court observes that petitioner was not provided advance notice of his re-detention by immigration authorities or even a notice of custody determination (Form I-286), the court is not aware of any authority, and petitioner cites none, that would require the government to provide a noncitizen with notice and a hearing prior to invoking the mandatory detention provisions at § 1226(c). Rather, the statute provides that the noncitizen must immediately be taken into custody. *Medina Soto v. Robbins,* No. 1:25-cv-01954-KES-SKO (HC),

2026 WL 657702, at *3 (E.D. Cal Mar. 9, 2026); *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018) (holding that § 1226(c) mandates detention of any noncitizen falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the noncitizen is released for witness-protection purposes.")

Petitioner correctly argues that before the mandatory detention provisions of § 1226(c)(1)(E) apply, that a particular ground of inadmissibility is required. (Doc. No. 13.) Petitioner, however, has not alleged that he lawfully entered the United States or submitted any documentation demonstrating lawful entry. (Doc. No. 4 at 15.) Instead, respondent has submitted evidence that shows that petitioner unlawfully entered the United States. (Doc. No. 8-1 at 2, 5–7.) Thus, the court finds petitioner's argument in this regard to lack merit. Further, petitioner was detained on June 28, 2026. Thus, the court finds the petitioner's arguments that his detention is prolonged to be unpersuasive. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (noting that "six months is a presumptively reasonable period" of detention to secure removal).

Because petitioner has not carried the burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons stated above,

1. Petitioner's motions for temporary restraining order (Doc. Nos. 4, 11) are DENIED without prejudice;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's request for leave to file a reply to respondent's opposition (Doc. No. 13) is DENIED as having been rendered moot by this order; and

/////

/////

/////

4. The pending petition for writ of habeas corpus (Doc. No. 1) is REFERRED to Magistrate Sean C. Riordan for further proceedings.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE